[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
Sept. 29, 2009
THOMAS K. KAHN
CLERK

_____

No. 09-10108
_____

D.C. Docket No. 08-00181-CR-JOF-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SERVANDO CALLEJA-SABINO,
a.k.a. Sangre,

Defendant-Appellant.

-------------------------
Appeal from the United States District Court for the
Northern District of Georgia
-------------------------

(September 29, 2009)

Before CARNES, FAY and ALARCON,* Circuit Judges.

PER CURIAM:

Appellant is guilty of illegally entering the country. The question involved in this appeal is whether or not a prior conviction for shoplifting qualifies as an

_____
*Honorable Arthur L. Alarcon, United States Circuit Judge for the Ninth Circuit, sitting by designation.

aggravated felony thus providing enhancement in the computation of the sentencing guidelines range. It turns out that the focus is on whether the sentence imposed for that crime by the state court was one of probation or whether it was one of a suspended sentence. This in turn involved the interpretation of the form used by the sentencing judge. At the time the district judge was making this decision, this form was the only evidence available.

In our court, appellant has now filed a motion to supplement the record with the transcript of the state court sentencing proceeding. This transcript could be very helpful in determining the key questions presented. In our opinion, however, the district court should be allowed to evaluate this transcript in the first instance. The transcript does appear to be material and helpful but it would be wrong for us to review the ruling of the district court based upon a different record than that before it.

Consequently, we grant the motion to supplement the record and remand the matter to the district court for a re-evaluation in light of this new evidence. We indicate nothing insofar as the ultimate ruling and we do not criticize in any way the ruling of the district court. We simply conclude that in the interest of justice, the district court should be given the benefit of the full record that is now before us.

Under these unique circumstances, we **VACATE** the sentence and **REMAND** the matter for resentencing.